IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS HUGHES, JR.,

        Plaintiff,

                                                                               3:11-CV-462-PK

                                                                               OPINION AND

v.                                                                               ORDER

MICHAEL J. ASTRUE,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Douglas Hughes, Jr., filed this action against defendant Michael A. Astrue, Commissioner of Social Security, on April 15, 2011, seeking judicial review of the Commissioner's decision finding him not disabled for purposes of entitlement to Social Security disability insurance benefits. On May 2, 2012, I issued an Opinion and order reversing and remanding the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Now before the court is Hughes' unopposed amended motion (#24) for attorney fees under the Equal Access to Justice Act. I have considered the parties' briefs and all of the evidence in the record. For the reasons set forth below, Hughes' motion is granted, and Hughes is awarded his attorney fees and costs in the total amount of $2,993.81.

/ / /

/ / /

Page 1 - OPINION AND ORDER

## ANALYSIS

### I. Plaintiff's Entitlement to Award of EAJA Fees

Hughes moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For purposes of Section 2412, a party eligible for award of fees must be:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or
>
> (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501 (c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j (a)), may be a party regardless of the net worth of such organization or cooperative association or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5. . . .

28 U.S.C. § 2412(d)(2)(B). Here, it is undisputed that Hughes falls within the scope of Section 2412(d)(2)(B)(ii). Moreover, the record establishes that Hughes' fee petition was timely filed, and the Commissioner concedes that Hughes was the prevailing party. The sole issue for this court to resolve in connection with determining Hughes' entitlement to fees under the EAJA is whether the government's position was substantially justified.

Page 2 - OPINION AND ORDER

It is the Commissioner's burden to establish substantial justification. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). A legal position is substantially justified if it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Supreme Court has expressly observed that the foregoing formulation is the equivalent of the alternate formulation "[having a] reasonable basis both in law and fact," *id.*, and the Ninth Circuit has held that "substantially justified means there is a dispute over which 'reasonable minds could differ,'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005), *quoting League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986). The Supreme Court expressly rejected the proposition that to establish substantial justification could require any showing beyond "mere" reasonableness, *see Pierce*, 487 U.S. at 566-568, but also cautioned that in this context "reasonable" means something "more than merely undeserving of sanctions for frivolousness," *id.* at 566. The *Pierce* court clarified that "a position can be justified even though it is not correct, [indeed] substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566, n. 2.

The *Pierce* and *Gonzales* decisions provide a modicum of guidance to the courts as to how the justification of a legal position should be evaluated. Specifically, *Pierce* instructs that the fact that one or more judges may have agreed or disagreed with the government's position is not dispositive as to justification, *see id.* at 569, although it is certainly relevant, and *Gonzales* warns that the reasonableness of the government's position must be evaluated as of the time the position was adopted, and not in light of a court's subsequent final ruling on the merits of the position, *see Gonzales*, 408 F.3d at 620.

Page 3 - OPINION AND ORDER

As I found in my Opinion and Order (#19) dated May 2, 2012, the ALJ's conclusions regarding lay witness testimony provided by Hughes' girlfriend Lorrayne Ellis and the ALJ's refusal to consider a letter dated September 25, 2009, submitted by Hughes' treating physician Dr. Michael Booker, were without any reasonable evidentiary basis. Lacking a reasonable basis in fact, the Commissioner's decisions on these points were necessarily not substantially justified. *See Pierce*, 487 U.S. at 565. The Commissioner therefore cannot meet his burden to establish that the government's position was substantially justified, and Hughes is entitled under the EAJA to his attorney fees reasonably incurred in connection with this action.

## II.   Attorney and Paralegal Fees

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

In the course of this litigation, Hughes relied on the services of a single attorney, James S. Coon, and the services of one or more paralegals. According to the time records submitted in support of Hughes' petition, Coon expended 1 hour in 2011 and 2 hours in 202 litigating the merits of Hughes' request for judicial review, and Coon's paralegals expended 14 hours in 2011 and 8 hours in 2012 litigating the merits of Hughes' request for judicial review. Hughes requests that Coon's hours be compensated at hourly rates of $180.59 for hours expended in 2011 and $181.97 for hours expended in 2012, and that paralegal services be compensated at hourly rates of $108.97 for 2011 hours and $109.18 for 2012 hours. Based on the foregoing, Hughes asserts an entitlement to award of a total of $2,944.66 in attorney fees.

Page 4 - OPINION AND ORDER

A.  Hours Reasonably Expended

The Commissioner does not challenge the reasonableness of some of Hughes' attorney's or paralegals' time expenditures. Nevertheless, this court bears a responsibility to conduct its own independent analysis of the reasonableness of the time expenditures underlying Hughes' petition. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same). Analysis of the materials submitted in support of Hughes' fee petition establishes no grounds for concluding that any of the hours for which compensation is requested were excessive, redundant, or otherwise unnecessary to the prosecution of Hughes' case. I therefore find that Hughes is entitled to compensation for 3 hours of attorney time and 22 hours of paralegal time expended by his counsel in the course of this litigation.

Page 5 - OPINION AND ORDER

### B.  Reasonable Rate

As noted above, Hughes requests that his attorneys' time be compensated at hourly rates $180.59 for hours expended in 2011 and of $181.97 for hours expended in 2012. Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Hughes does not indicate that he seeks any "special factor" increase in the statutory rate cap, but does seek adjustment based on increases in the cost of living.

To adjust the EAJA statutory fee cap for increases in the cost of living, the courts of the Ninth Circuit multiply the statutory rate cap of $125 times the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then dividing that quotient by the CPI-U for the month in which the cap was imposed (March 1996). *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). I take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPI-U for the western states of 156.4 for March 1996, of 227.485 for 2011, and of 231.555 for the first half of 2012. The applicable statutory rate caps as adjusted for increases in the cost of living are, therefore, $181.81 for 2011 and $185.07 for the first half of 2012. Because each of these adjusted rate caps is in excess of the corresponding rate Hughes has requested, the requested rates for compensation of attorney time are necessarily reasonable for EAJA purposes.

Hughes requests that time expended by paralegals in litigating the merits of his request for judicial review be compensated at a rate equal to 60% of the rate requested for compensation of attorney time, or $108.97 for hours expended in 2011 and $109.18 for hours expended in

Page 6 - OPINION AND ORDER

2012. I find that compensating paralegals for non-clerical tasks at a rate equal to 60% of an attorney rate is reasonable under the circumstances, and therefore agree with Hughes that the requested paralegal rates are reasonable.

### C. Calculation and Adjustment of the Lodestar Figure

#### 1. The Lodestar Product

The product of the 1 hour reasonably expended by Coon in 2011 and the reasonable requested hourly rate of $180.59 is $180.59, the product of the 2 hours reasonably expended by Coon in 2012 and the reasonable requested hourly rate of $181.97 is $363.94, the product of the 14 hours reasonable expended by Coon's paralegals in 2011 and the reasonable requested hourly rate of $108.97 is $1,525.58, and the product of the 8 hours reasonable expended by Coon's paralegals in 2012 and the reasonable requested hourly rate of $109.18 is $873.44. Thus, the lodestar calculation results in a total of $2,943.55 in attorney fees reasonably incurred in the course of litigating this action.

#### 2. Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar

cases. *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of the trial court judge to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

I do not find that adjustment of the lodestar figure is warranted here. I therefore recommend that the court award Hughes his attorney and paralegal fees in the lodestar amount provided above, specifically $2,943.55.

## III. Costs

In addition to attorney and paralegal fees, Hughes requests compensation for $50.26 in costs expended in connection with litigating the merits of his request for judicial review. The Commissioner does not object to award of Hughes' costs in such amount. The record containing no grounds for finding the request unreasonable, I find that Hughes is entitled to award of his costs in the requested amount.

///

///

///

///

## CONCLUSION

For the reasons set forth above, Hughes' motion (#24) is granted, and the Commissioner is ordered to pay Hughes' attorney fees and costs in the total amount of $2,993.81.

Dated this 3rd day of October, 2012.

Honorable Paul Papak
United States Magistrate Judge